United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Christina Maciel, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action H-21-1074 |
| § | |
| T. Hawkins, § | |
| FPC Bryan - Federal Prison Camp, § | |
| Respondent. § | |

## Report and Recommendation

Christina Maciel, federal prisoner #92510-380, was sentenced on April 22, 2019, to sixty months in prison for conspiracy and possession with intent to distribute heroin. *See United States v. Maciel,* H-17-632-9, D.E. 576 (W.D. Tex. Apr. 24, 2019). She filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Texas. Because Maciel is incarcerated within the Southern District of Texas, this court has jurisdiction. *See* 28 U.S.C. § 2241(d). The petition was thus transferred to this court. (D.E. 3.)

Upon a preliminary review of the petition, the court concludes that the petitioner is plainly not entitled to relief. This court recommends that Maciel's petition be denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

In connection with her criminal case in the Eastern District of Texas, Maciel was released pretrial on a $50,000 bond on August 22, 2017. *See United States v. Maciel,* H-17-632-9, D.E. 107 (W.D. Tex. Aug. 22, 2017). As a condition of pretrial release, she was required to participate in a substance abuse treatment program. *Id.* Maciel states that she participated in treatment from August 17, 2017, to February

---

[1] The district court may apply Rules Governing Section 2254 to actions filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

20, 2020. (D.E. 1 at 2.) She seeks to have the thirty months she spent in treatment credited towards her sentence. *Id.* at 8.

Under 18 U.S.C. § 3585(b), a defendant is only entitled to receive credit for any time spent in "official detention prior to the date the sentence commences." Maciel's participation in the treatment program as a condition of her release was not "official detention," as that term is used in the statute, so she is not entitled to credit. *C.f. Barreto v. Jeter*, 249 F. App'x 986, 987 (5th Cir. 2007) ("[R]elease on bail subject to restrictions, including confinement in a community treatment facility is not official detention for purposes of 18 U.S.C. § 3585(b) and does not count towards the sentence imposed.") (citing *Reno v. Koray*, 515 U.S. 50, 58–63, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995)).

The court recommends that Maciel's petition be denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72.

Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th *Cir.* 1988).

Signed at Houston, Texas, on October 1, 2021

_____
Peter Bray
United States Magistrate Judge